UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
Janice S. Jones                          )  Case No. 08-32691
                                         )
                                         )  REAFFIRMATION AGREEMENT COVERSHEET
                                         )  [NOTE: YOU *MUST* COMPLETE *ALL*
                                         )  BLANKS ON THIS FORM.  *IF* THIS DOCUMENT IS
                                         )  *DEFICENT* IN ANY WAY, it WILL BE *RETURNED*
Debtor(s)                                )  *AND* WILL *NOT* BE CONSIDERED BY THE COURT]]

1.  CREDITOR NAME: WELLS FARGO FINANCIAL Oregon, Inc.

2.  CREDITOR ADDRESS: 13675 TECHNOLOGY DRIVE, BLDG. C. 2ND FLOOR EDEN PRAIRIE, MN. 55344-2252

3.  IS THIS A CONSUMER DEBT SECURED BY REAL PROPERTY? [NOTE: Real property is only LAND, plus any permanent structures.]  ☐ YES  ✓ NO

4.  PROPOSED: PRINCIPAL: $10,355.00 INTEREST RATE: 8.00% per annum MONTHLY PAYMENT: $216.00

5.  INSERT DESCRIPTION OF ITEM(S) AS LISTED IN PT. A.1.d. OF THE AGREEMENT (If REAL property insert address; or if no Items(s) listed, so indicate):     04 HYUNDAI XG350

6.  PRESENT MARKET VALUE OF SECURITY: $10,900.00

7.  MAXIMUM MONTHLY PAYMENT REQUIRED UNDER THIS REAFFIRMATION AGREEMENT: $216.00

8.a.  TOTAL MONTHLY INCOME FROM SCHEDULE I:  $3897

b.  CURRENT MONTHLY INCOME FROM PART D. OF REAFFIRMATION AGREEMENT:  $3897

9.a.  TOTAL MONTHLY EXPENSES FROM SCHEDULE J:  $3909

b.  CURRENT MONTHLY EXPENSES FROM PART D. OF REAFFIRMATION AGREEMENT:  $3558

10.a.  TOTAL MONTHLY PAYMENTS ON REAFFIRMED DEBTS NOT LISTED ON SCHEDULE J:  $ -0-

b.  MONTHLY PAYMENT FOR THIS REAFFIRMATION AGREEMENT FROM PT. 7 ABOVE:  $216

11.a.  NET MONTHLY INCOME (Calculate only using figures in this column by taking the Schedule I Total Monthly Income In pt. 8.a. MINUS the total of BOTH the Monthly Expenses in pt. 9.a. AND in pt. 10.a. NOTE: If this total is less than zero, put the number in brackets):  $ -16

b.  NET MONTHLY INCOME (Calculate only using figures in this column by taking the total income listed in pt. 8.b. MINUS the total of BOTH the Expenses listed in pt. 9.b. AND the payment listed in pt. 10.b. NOTE: If this total is less than zero, put the number in *brackets*):  11.b.  $ 119

12. [This MUST be answered unless (a) Creditor is a Credit Union, or (b) you accurately answered "YES" in pt. 3] IS UNDUE HARDSHIP PRESUMED? (NOTE: Mark "YES" if amount in pt. 11.b. is less than zero):  ☐ YES  ☐ NO

13. EXPLAIN: (1) Any difference between the income and expense amounts on Schedules I and J (in pts. 8.a. & 9.a.) and those in the Reaffirmation Agreement (in pts. 8.b. & 9.b.) AND (2) any additional information beyond any in PART E about either why the Agreement is in the debtor's best interest or why the debtor(s) can make the payment despite the presumption of undue hardship:

I, THE UNDERSIGNED, CERTIFY UNDER PENALTY OF PERJURY THAT: (1) The original Reaffirmation Agreement using Local Form #718.5 IS ATTACHED; (2) the information above is identical to that found in the Schedules and Reaffirmation Agreement; AND (3) all of the above information is true and correct.

_____
Signature  *David Gene Low*

718.05 (1/1/08)

Print/Type Name & Signer's Relation to Case OSB# (if atty.)

## United States Bankruptcy Court
## District of Oregon

In re Janice S. Jones,

)
) Case No. __08-32691_____
)
) REAFFIRMATION AGREEMENT
)
) *[Indicate all documents included in this*
) *filing by checking each applicable box.]*
) ☒ Part A: Disclosures, Instructions & Notice to Debtor Pgs.1 - 5)
) ☒ Part B: Reaffirmation Agreement
) ☑ Part C: Certification by Debtor's Attorney
) ☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement
) ☐ Part E: Motion for Court Approval *[NOTE:* Complete Part E only
) if debtor was not represented by an attorney during the course
) of negotiating this agreement.]
)
)**Name of Creditor:** _Wells Fargo Financial Oregon Inc._
)
) ☐ *[Check this box if]* Creditor is a Credit Union as defined in
) §19(b)(1)(a)(iv) of the Federal Reserve Act

Debtor(s)

)

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

#### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: _$10,355.00_____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

#### ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open-end credit plan," as those terms are defined in §103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) that follows or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) that follows, or both.~~

(PART A. Cont'd)

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

*— And/Or —*

~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _12.99%_.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _8.00%_. ~~If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

~~The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2004 HYUNDAI XG350<br>VIN: KMHFU45EX4A327043 | $17,423.00 |

718.5 (1/29/07)  Page 2 of 6

r        /

(PART A. Cont'd)

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following maybe provided:*

**Repayment Schedule:**

~~Your first payment in the amount of $_____ is due on_____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~
—Or—

~~Your payment schedule will be:_____(number) payments in the amount of $_____each, payable (monthly, annually, weekly, etc.) on the_____ (day) of each_____( week, month, etc.), unless altered later by mutual agreement in writing.~~
—Or—

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

Your payment schedule will be: 58 payments in monthly installments of $216.00 commencing on 7/19/2008 and continuing on the same day of each succeeding month.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

718.5 (1/29/07) **Page 3 of 6**

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT.
I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
Contract Type: Installment Contract; Contract Date: 04/04/2007; Account No.: ███████████████
Original Credit Term: 72
Original APR: 12.99%
Original Monthly Payment: $351.51
Original Amount Financed: $17,423.00

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

**This reaffirmation reduces the following effective 6/7/2008: the balance from $15,577.86 to $10,355.00, the interest rate from 12.99% to 8.00%, and the monthly payment from $351.51 to $216.00.**

718.5 (1/29/07)  Page 4 of 6

**(PART B) SIGNATURE(S):**
Borrower:

_Janice S. Jones._
(Print Name)

_Janice S. Jones_ ,
(Signature)

Date: _7/27/08_

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

Accepted by Creditor:

Wells Fargo_____
(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2ⁿᵈ Floor
Eden Prairie, MN  55344-2252_____
(Address of Creditor)

_____
(Signature)
~~Darin Wyant~~ CREG ADAMS, Collection Specialist
(Printed Name and Title of Individual Signing for
Creditor)

Date of Creditor acceptance:  _8-26-08_

_____
(Signature)

Date: _____


## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2)this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _David Gene Low_

Signature of Debtor's Attorney: _David Lu Low_

Date: _8-21-08_

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the un-numbered paragraph below. Sign the appropriate signature line(s) and date your signature.]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ _3893_ , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_3558_ , leaving $ _375_ to make the required payments on this reaffirmed debt.

718.5 (1/29/07) Page 5 of 6

(PART D.1. Cont'd)

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here [NOTE: Use additional pages if necessary for full explanation]:

2. *EITHER:* (a) I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

--- *Or* ---

(b) ~~[If the creditor is a Credit Union and the debtor is represented by an attorney] I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.~~

Signed: _Janice S. Jones_          _____
      (Debtor)                          (Joint Debtor, if any)

Date: _7/27/08_                      Date: _____

## PART E: MOTION FOR COURT APPROVAL
*(To be completed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.)*

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under 11 USC §524(c)(6) and, if a presumption of hardship has arisen, 11 USC §524(m).

Signed: _____     _____
(Debtor)                             (Joint Debtor, if any)

Date: _____                    Date: _____



## NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("Agreement" or "Loan Agreement"), the words "you" and "your" mean each Borrower who signs this Agreement; the words "we," "us," and "our" mean the Lender and its successors and assigns; and the word "Owner" means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW

Wells Fargo Financial Oregon, Inc.
1058 NW SLERET AVENUE

GRESHAM             OR      970300000

Date of Loan    04/04/2007                        Account Number ▮▮▮▮▮▮▮▮▮

**ORIGINAL**

Borrower (Name and Address)        Borrower (Name and Address)        Borrower (Name and Address)        Borrower (Name and Address)

janice s
jones
2905 208th
fairview              OR   97024

### FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 12.99% | $ 7885.72 | $ 17423.00 | $ 25308.72 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning 05/19/2007 and on the same day each month thereafter. | Final Payment Due: 04/19/2013 |
|---|---|---|---|
| 72 | $ 351.51 | | |

**Late Charge:** If any part of a payment is more than 10 days late, you will be charged a late charge equal to the lesser of $5 or 5% of the unpaid amount of the payment.

**Prepayment:** If you pay off this loan early, you will (a) not have to pay a prepayment penalty, and (b) not be entitled to a refund of part of the prepaid finance charge.

**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement

☐ Other Property: _____

**Additional Information:** You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| $ | 0.00 | Prepaid Finance Charge |
| $ | 17423.00 | Amount Financed (Sum of amounts shown below) |
| $ | 0.00 | Amount Paid on Your Accounts |
| $ | 0.00 | NA |
| $ | 0.00 | NA |
| $ | 5945.78 | Amount Paid to You Directly |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| $ | 55.00 | To Public Officials for License and Title |
| $ | 11422.22 | To WACHOVIA DEALER SVCS |

☐ When this box is checked, itemization is continued on attached addendum

*We may be retaining a portion of this amount*

**Other Transaction Information:**

| $ | 17423.00 | Principal Amount of the Loan ( the Amount Financed plus any Prepaid Finance Charge) |
| | 12.99 % | Rate of Interest Per Year |
| $ | 0.00 | Prepaid Finance Charge (also called a Loan Origination Fee) |

Closed By _____

**NOTICE TO CONSUMER: THIS IS A CONSUMER CREDIT TRANSACTION**

**You understand that:**

- You should not sign this Agreement before you read the writing on all pages, even if otherwise advised.
- You should not sign this if it contains any blank spaces.
- You are entitled to an exact copy of this and any other agreement that you sign.
- This Agreement is the entire agreement between you and us relating to this account. Any change to this Agreement must be in writing and signed by both you and us.

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

*Janice Jones*    SIGN HERE _____        _____ SIGN HERE
                  SIGN HERE _____        _____ SIGN HERE

Page 1 of 4

OR-3541-0908

# OREGON VEHICLE CERTIFICATE OF TITLE

| OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE  DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED | CONTROL NUMBER 9714262 |
|---|---|

| PLATE NUMBER | TITLE NUMBER | | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|---|
| 139CAS | 0717007004 | | 061907 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO |
|---|---|---|---|---|---|
| 2004 | HYUN | 4D | XG | KMHFU45EX4A327043 | |

**OWNER/LESSEE**

| | ODOMETER READING | ODOMETER DATE |
|---|---|---|
| | 48,539 | 04/04/07 |
| | ODOMETER MESSAGE | |

JONES, JANICE SUE
2905 NE 206TH PL
FAIRVIEW OR   97024

### TITLE BRANDS

The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued  Please see back of title for more information

– NONE –

**USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST.  FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.**

| If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title  Mail the title and the fee to DMV  1905 Lana Ave NE, Salem OR 97314. | SIGNATURE (DOES NOT RELEASE INTEREST) | DATE |
|---|---|---|
| | X | |

**To release interest in the vehicle, complete the reassignment on back of the title.**

**SECURITY INTEREST HOLDER/LESSOR**

WELLS FARGO FINANCIAL OREGON INC
PO BOX 250
ESSINGTON PA   19029

| SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE |
|---|---|
| X | |
| SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE |
| X | |

## SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS

## VOID WITHOUT LINKED-DIAMOND WATERMARK

735-410 (5-07)        139CAS    KMHFU45EX4A327043        0717007004        C
2693 004 02 V1 T2 U3 S8 MI P5 E0 M0 26